IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

22-CR-6117-CJS

v.

JACOB M. RITCHIE,

Defendant.

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE** that the government adopts the findings of the Presentence Report (PSR; Dckt. 29) with respect to sentencing factors, except as to the PSR's calculation of the 7-point enhancement under United States Sentencing Guidelines § 2G2.2(b)(3)(E). (PSR, ¶¶ 74, 106). Pursuant to *United States v. Lawlor*, 168 F.3d 633 (2d Cir. 1999), the government is bound to advocate for the Guideline calculation in the plea agreement.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three business days prior to sentencing.

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

Based on the facts of this case and relevant conduct as detailed in the PSR, and considering the defendant's extensive criminal history, past sexual abuse of multiple children, and clear danger that the defendant poses to the community, the government submits that the Court should impose a protracted sentence of imprisonment that will incapacitate the defendant from harming others for the remainder of his life.

Pursuant to 18 U.S.C. § 2259(b)(2)(B) and paragraphs 23 through 31 of the plea agreement, the Court must order restitution for the full amount of any identified victim's or victims' compensable losses, but no less than $3,000 per victim.

To date, the government has received one restitution request, which it will submit to the Court and Counsel under seal, for identified victim "Pia." Pia was depicted in approximately 6 images of child pornography that the defendant possessed on his digital devices.  Pia's attorneys have demonstrated that Pia has outstanding losses due to the trafficking of her child pornography images.  Therefore, the Court must order restitution to Pia in an amount of not less than $3,000.

DATED:     Rochester, New York,
           November 28, 2022

                              TRINI E. ROSS
                              United States Attorney
                              Western District of New York


                       BY:   s/KYLE P. ROSSI
                              Assistant U.S. Attorney
                              U.S. Attorney's Office
                              100 State Street, Suite 500
                              Rochester, New York 14614
                              (585) 263-6760

TO:   Steven Slawinski, Esq.
      Jessica Rider, U.S.P.O.

2