UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

       v.                                                      22-CR-6117 (CJS)

**JACOB RITCHIE,**
                **Defendant.**

## DEFENDANT'S SENTENCING MEMORANDUM

The defense submits the following sentencing memorandum on behalf of Jacob Ritchie. The factual representations made in this statement are based on investigations by members of the Federal Public Defender's Office, conversations with Jacob Ritchie, a review of the Presentence Investigation Report [hereinafter PSR], dated February 14, 2023, and the attached letter of acceptance of responsibility by Jacob Ritchie at **EXHIBIT A**. A letter from Michelle Waite, Ritchie's mother, is attached at **EXHIBIT B**. Jacob Ritchie's military DD-214, a brief of his military service, is attached at **EXHIBIT C**.

### INTRODUCTION

Jacob Ritchie ("Ritchie") appeared before Your Honor on September 29, 2022. He pled guilty pursuant to a written plea agreement to two counts of distribution of child pornography, in violation of Title 18, United States Code § 2252A(a)(2)(A) and (b)(1). Because of his prior sex offenses, the mandatory minimum for each count is 15 years and the maximum is 40. The Court can choose to run the sentence to the counts concurrently, and that is what the defense urges it to do.

In his written plea agreement, the parties agreed that Ritchie's sentencing guideline for imprisonment would be 360 to 960 months. The PSR found that Ritchie's guideline range was a the same, but in a slightly different manner (PSR Para. 105). The defense does not take issue with the PSR. However, both parties reserved the right to recommend a sentence outside of the advisory sentencing guideline range.

In sum and substance, Ritchie downloaded and distributed child pornography on his phones from his home in Wolcott, Wayne County, New York. This conduct occurred in the Western District of New York in 2021-22 and the pornography was downloaded and distributed through social media and law enforcement ultimately became aware of his conduct. When they searched Ritchie's phones, at least 150 but less than 300 images were discovered.

Ritchie previously has two previous sexual assault convictions. Neither conviction resulted in an initial sentence of over 36 months. He is currently serving a parole violation for the second conviction in NY DOCCS custody based on the instant conduct. He currently is not receiving credit for his federal sentence.

Ritchie's sentencing hearing is now currently scheduled for June 26, 2023 at 10:30 a.m. I have reviewed the revised PSR with Ritchie and he has no unresolved or substantive objections to it.

## GENERAL SENTENCING AUTHORITY

Under 18 U.S.C. § 3553(a), federal sentencing courts must impose a sentence that is *sufficient, but not greater than necessary*, to meet the purposes of sentencing. This includes the nature and circumstances of the offense and the history and characteristics of the defendant, the need to avoid sentencing disparities between defendants with comparable criminal records who

have been convicted of similar crimes, and the Guidelines themselves. *See United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010) (quoting 18 U.S.C. § 3553(a)(1)-(6)).

The "sufficient, but not greater than necessary" language of § 3553 is commonly referred to as the "parsimony clause." *See United States v. Williams*, 475 F.3d 468, 476 (2d Cir. 2007). When imposing sentence, the district court must consider the factors mentioned in § 3553(a), including the requirements of the parsimony clause. *Id.* Simply stated, if the district court concludes that either of two sentences would properly serve the statutory purposes of § 3553(a), application of the parsimony clause compels imposition of the lesser sentence. *See United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006).

The sentencing court must also consider the advisory Sentencing Guidelines. *United States v. Booker*, 543 U.S. 220, 245-246 (2005). However, "[e]ven where a district court has properly calculated the Guidelines, it may not presume that a Guidelines sentence is reasonable for any particular defendant, and accordingly, must conduct its own independent review of the § 3553(a) sentencing factors." *United States v. Dorvee*, 616 F.3d 174 (citing *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008)).

The importance of individualized sentencing is a central theme in federal criminal law.

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, and sometimes magnify, the crime and the punishment to ensue.

*Koon v. United States*, 518 U.S. 81, 113 (1996).

In *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court emphasized the importance of reserving sentencing discretion to federal district court judges.

3

The Court held that:

> The federal sentencing statute . . . requires a sentencing court to consider Guidelines ranges...., but it permits the court to tailor the sentence in light of other statutory concerns as well.

*Id.* at 245-246.

The Court thereafter reaffirmed its position in *Kimbrough v. United States*, 552 U.S. 85 (2007) stating that:

> The sentencing judge . . . has greater familiarity with ... the individual case and the individual defendant before him than the Commission or the appeals court. . . . He is therefore in a superior position to find facts and judge their import under § [3553(a)] in each particular case.

*Id.* at 108 (internal quotations omitted).

## GROUNDS FOR IMPOSITION OF A NON-GUIDELINE SENTENCE

This is Jacob Ritchie's third sex offense and his sentencing guidelines are extremely severe. The government has advocated for a lenghty sentence so that other children may be protected from him, and this is certainly valid consideration. This is Jacob Ritchie's third strike.

However, aside from deterrence and punishment, The Court must also look at the other factors enumerated in 18 U.S.C. § 3553(a). It must look at the whole person who committed this offense and craft an individualized sentence for that individual.

Jacob Ritchie is a 37-year-old man from Wolcott, New York who served in the United States army for seven years, between 2006-2013. He was deployed twice, once each to Iraq and Afghanistan. He was willing to put his life on the line and volunteer for combat. His job in the military was as an infantryman, which put him on the front lines of battle. He was an enlisted

soldier, doing one of the most dangerous jobs in war. Most of his duties consisted of loading mortars that would be aimed and fired to kill insurgents.

But what does that do to someone? Especially to someone who himself was sexually abused as a little boy?[1]

Ritchie's sex offenses occurred after his deployments and during and after his military service. His sentences for them were surprisingly low. For three counts of aggravated sexual assault and adultery, he was court-martialed and sentenced to 30 months at the U.S.D.B.[2] at Ft. Leavenworth, Kansas. He was released, and his supervision was revoked. In 2017, he pled guilty to Rape 3rd in New York State, where he was sentenced to three to ten years of imprisonment. He was paroled after three years and then this instant conduct occurred. His parole was again revoked and he is now serving time in New York DOCCS until at least 2/16/2027. His maximum expiration date is 9/17/2030 – more than seven years away.

Ritchie's rape and sex assault sentences were clearly inadequate. However, now this Court is being asked to pass a sentence on two much less-serious charges of distribution of child pornography. Because of his priors, Ritchie's minimum sentence for each of these two charges is 15 years of imprisonment. These sentences may be imposed concurrently with each other. Imposing this sentence consecutively to the New York parole violation would give it even more serious weight and he would be in an old man when he is released to strict court supervision.

In this case, Ritchie distributed child pornography. He did not produce it, nor did he personally, physically touch any child in the commission of his actions. He is sorry for his role as a distributor of child pornography and now realizes that there would not be a market for these

---

[1] See PSR Para. 128
[2] United States Disciplinary Barracks, the military's most secure prison for soldiers and sailors.

5

images and videos if people like him were not passing them on to others. According to the 18 U.S.C. § 3553(a) factors, the punishment in this case should fit the crime and the defendant.

The PSR recommends a guideline range of 360-960 months of imprisonment. It is important to state that the sentencing guidelines (especially ones dealing with child pornography) are <u>not</u> presumed to be reasonable. Here, in this instance and for this defendant, the Court should pay them little regard, especially in light of how skewed and unreasonable the child pornography guidelines have become over time. The child pornography guidelines are now at a point where they are totally ineffective in helping the court sentence a defendant accused of their covered crimes. Consider Ritchie – he previously received a 3 to 10-year sentence for actually raping a woman and the guidelines in *this* case recommend 30-90 years – **10 times that amount** – for distributing child pornography that he himself did not even produce. The Court needs to consider the disparity between these guidelines in that they punish non-contact offenses much more severely than those that actually involve physical contact.

No doubt, Ritchie does deserve a punitive sentence in this case. In this regard, he would ask the court to impose a **180 to 240-month sentence** followed by a **lifetime of supervised release**. This would protect the community and hopefully give Ritchie the opportunity to deal with his sexual urges. It should be noted that he has enrolled in the New York State sex offender treatment program while he is now a state inmate at the Collins Correctional Facility. Hopefully, this is a first step in helping him to come to terms with his compulsions and sickness. Before he is released from the Federal BOP, he would be subject to a civil commitment review, where he would not be released if he were declared to be a sexually dangerous individual. This should give the Court some reassurance that Ritchie would not be released back into society if he were a danger for reoffending.

In 20 years, Ritchie would be 57 years old. If the court imposes a 20-year sentence *consecutive* to his parole and it begins at his maximum release date, he would be 65 years old. If given a 20-year consecutive sentence, his formal release date would be **9/17/2050**. He would not be eligible for any First Step Act, RDAP or earned vocational credits based on his convictions. It is up to the Court to determine whether Ritchie receives a consecutive or concurrent sentence with his state parole violation, but he would ask that the Court impose a concurrent sentence based on the length of time between the two.

The government has asked that the Court impose a sentence within the guidelines and one which Ritchie could never hurt another child again. That should be a consideration for the Court, but it should be careful about imposing a sentence that is greater than necessary in this case. Such an action would be contrary to the 18 U.S.C. § 3553(a) factors. The Court should consider that these two counts are far less serious than Ritchie's previous offenses.

The Court is allowed to consider Ritchie's seven years of military service. His DD Form 214 is attached (**EXHIBIT C**) and his many awards are included in the narrative, including receiving the Army Commendation Medal, the Good Conduct Medal, as well as several expeditionary medals for his overseas deployments. Under Sentencing Guideline 5H1.11, the Court can consider Ritchie's military service as grounds for a downward departure. It is very unusual for a defendant to come into this Court after serving in two war zones as a combat infantryman. This is someone who has distinguished himself in his life at 37 and has not just wasted away watching porn in his mother's basement.

In consideration of the circumstances here and the need to impose a sentence that is sufficient, but not overly punitive, the defense believes that an appropriate sentence would be a term of **180-240 months** in this case, followed by a **lifetime of supervision**. The Court may

run this sentence concurrent with his current state parole violation and that would mean the sentence would begin on the date of the imposition of his federal sentence, June 26, 2023.

Ritchie has accepted responsibility and submits a letter for the Court at **EXHIBIT A**. A letter from his mother, Michelle Waite, is also attached at **EXHIBIT B.** Furthermore, Ritchie has agreed to restitution for the known victims of the images he distributed.

## CONCLUSION

No doubt, this is a very difficult case for the Court to consider. While Ritchie has admitted responsibility to some very heinous acts, he also has served his country and would otherwise be considered a hero. Based upon Jacob Ritchie's offense, his personal history and characteristics and the other factors noted above, it is requested that the Court impose the above requested sentence of **180-240 months followed by lifetime supervision** in this case. Such a sentence would be sufficient, but not greater than necessary in regard to the 28 U.S.C. § 3553(a) factors.

Ritchie would request that the Court recommend that he be housed as close to Rocester, New York, as possible. Thank you for your consideration of these requests.

Dated:      June 19, 2023
            Rochester, New York


                                                            _____
                                                            Steven Slawinski
                                                            Assistant Federal Public Defender
                                                            28 E. Main Street, Suite 400
                                                            Rochester, New York 14614
                                                            (585) 263-6201

Case 6:22-cr-06117-CJS   Document 52   Filed 06/20/23   Page 9 of 9

                Steven_slawinski@fd.org
                Attorney for Jacob Ritchie

To:    Kyle Rossi, AUSA
        Jessica Rider, USPO